FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 31 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PERFORMANCE ELECTRONICS, LLC,

    Plaintiff,

    – against –

TRI VALLEY RECYCLERS, LLC, *et al.*,

    Defendants.
----------------------------------------X

ORDER
15-cv-710 (JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

On November 16, 2016, the Court entered default judgment against defendants and referred the matter to Magistrate Judge Steven I. Locke for a Report and Recommendation to address damages. (ECF No. 53.) On April 24, 2018, Judge Locke issued a Report and Recommendation ("R&R"), recommending that plaintiff be awarded $50,000.00 in compensatory damages; $16,053.66 in prejudgment interest from October 2, 2014 until the date of the R&R, plus $12.33 per day thereafter until judgment is entered; and post-judgment interest in accordance with 28 U.S.C. § 1961(a). (ECF No. 55.) The R&R further recommends that plaintiff's request for costs be denied without prejudice to plaintiff submitting additional documentation to support that request.

A copy of the R&R was served on defendants on April 25, 2018. (ECF Nos. 56-59.) The R&R directed that any objections be filed within fourteen (14) days of receipt of the same. (R&R at 17.) The deadline has since passed, and no party has filed objections.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn.* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure

timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.

Accordingly, IT IS HEREBY ORDERED that plaintiff is awarded $50,000.00 in compensatory damages; $16,053.66 in prejudgment interest from October 2, 2014 until the date of the R&R, plus $12.33 per day thereafter until judgment is entered; and post-judgment interest in accordance with 28 U.S.C. § 1961(a). IT IS FURTHER ORDERED that, to the extent plaintiff continues to seek an award of costs, plaintiff shall submit documentation in support of that request on or before June 29, 2018. A failure to provide such documentation by June 29, 2018 will result in the denial of plaintiff's request for costs. IT IS FURTHER ORDERED that plaintiff shall serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2018
Central Islip, New York

2